Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ORSON MECHANICAL CO., etc., <br><br> Defendant. | Case No.: C12-6371 EMC <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant ORSON MECHANICAL CO., INC. ("Defendant"), as follows:

1. Defendant ORSON MECHANICAL CO., Inc. entered into a Collective Bargaining Agreement between Sheet Metal Workers' International Association Local Union No. 104 and Bay Area Association of SMACNA Chapters. The agreement is still in full force and effect.

/ / /

-1-
**JUDGMENT PURSUANT TO STIPULATION**
Case No.: C12-6371 EMC

2. Defendant has become indebted to the Trust Funds as follows:[1]

| | | |
|---|---:|---:|
| Interest on late-paid contributions through 01/13 | $3,006.88 | |
| Liquidated Damages on late-paid contributions for 06/09 through 12/11 | $30,640.89 | |
| Liquidated Damages on late-paid contributions for 01/12 through 01/13 | $10,952.41 | |
| | **SUB-TOTAL:** | **$44,600.18** |
| Attorneys' Fees incurred by Plaintiffs' prior counsel (through 3/13/13) | | $6,846.13 |
| Costs incurred by Plaintiffs' prior counsel (Complaint filing fee) | | $350.00 |
| Attorneys' Fees (3/14/13-11/8/13) | | $16,830.00 |
| Costs (through 11/8/13) | | $32.42 |
| | **TOTAL DUE:** | **$68,658.73** |

3. Defendant shall *conditionally* pay the amount of **$38,017.84,** representing all of the above amounts, less liquidated damages on late-paid contributions for the time period from June 2009 through December 2011 in the amount of **$30,640.89**. *This waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on **November 25, 2013**, and on or before the 25th day of each month thereafter for a period of twelve (12) months through and including October 25, 2014, Defendant shall pay to Plaintiffs the amount of **$3,343.00** per month;

(b) Payments may be made by joint check, to be endorsed by Defendant prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from November 8, 2013, at the rate of 10% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(d) Checks shall be made payable to the *Sheet Metal Workers of Northern California Trust Funds*, and delivered on or before each due date to Erica J. Russell, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco,

---

[1] *See* Exhibit A attached hereto for a detailed breakdown of amounts owed for interest and liquidated damages on late-paid contributions.

California 94104, or to such other address as may be specified by Plaintiffs;

    (e) At the time that Defendant makes its eleventh (11th) payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with its eleventh (11th) payment. Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current;

    (f) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant shall pay all additional attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the October 25, 2014 stipulated payment; and

    (g) Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 10 shall apply.

  4. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant by email to orson-mech@sbcglobal.net (and copy to his counsel, Roger Mason at mason@smwb.com) to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

5. ORSON POON acknowledges that he is the President/CEO/RMO and is thus authorized to enter into this Stipulation on behalf of Defendant ORSON MECHANICAL CO., INC.  ORSON POON ("Guarantor"), as President/CEO/RMO of Defendant ORSON MECHANICAL CO., INC., further agrees that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation himself, and on behalf of any additional entities in which he is an officer, owner or possesses any ownership interest, including all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which ORSON MECHANICAL CO., INC. joins or merges, if any.  Defendant and all such entities shall also be bound by the terms of this Stipulation, and specifically consent to the Court's jurisdiction, which shall be specified in writing at the time of any assignment, affiliation or purchase of Defendant, along with the obligations to the terms herein.

6. Beginning with contributions due for hours worked by Defendant's employees during the month of **November 2013**, due on **December 10, 2013,** and delinquent if not received by the Trust Funds on **December 20, 2013**, and for every month thereafter until this Judgment is satisfied, **Defendant shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  Defendant shall fax or email a copy of its contribution report for each month, together with a copy of that payment check, to *Erica J. Russell and Alicia Rutkowski at 415-882-9287* or to erussell@sjlawcorp.com and arutkowski@sjlawcorp.com, prior to sending the payment to the Trust Fund office.

If Defendant has no employees working during a particular month, said contribution report must still be submitted stating "no employees."

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 10 shall apply.

7. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General

Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. **Defendant shall submit said updated list each month together with the contribution report (as required by this Stipulation) either by email to both erussell@sjlawcorp.com and arutkowski@sjlawcorp.com, or by facsimile to Erica J. Russell at 415-882-9287.**

　　　　Any jobs where Defendant is working, regardless of whether or not Defendant is **performing covered work pursuant to the terms of the Collective Bargaining Agreement, shall be listed.** This requirement also remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. A blank job report form is attached hereto for Defendant's use as *Exhibit B*. **To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said reports** *will be faxed or emailed to Erica J. Russell and Alicia Rutkowski at 415-882-9287 or erussell@sjlawcorp.com and arutkowski@sjlawcorp.com* **concurrently with their submission to the general contractor, owner, or other reporting agency at Plaintiffs' request.** Failure by Defendant to timely submit updated job lists (or submit certified payroll if requested by Plaintiffs) shall constitute a default of the obligations under this agreement.

　　　　8.　　Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 10 shall apply. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

　　　　9.　　**Audit:** The Trust Funds have requested, and began to perform, an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions

1  pursuant to the Bargaining Agreement for the time period October 1, 2008 through March 31,
2  2013.  Defendant agrees to provide any and all documents in their possession, custody and/or
3  control as requested by Plaintiffs and/or Plaintiffs' auditors to complete the audit of its records by
4  <u>November 29, 2013</u>.  To the extent that Defendant is unable to obtain copies of any of the
5  documents requested, Defendant agrees to sign any required releases so that said information can
6  be obtained by any State and/or Federal entities, including, but not limited to the IRS, FTB and/or
7  the EDD. Any failure by Defendant to comply with said request shall constitute a default of the
8  obligations under this Agreement as set forth above.
9           (a)     In the event that amounts are found due on audit, Plaintiffs shall send a
10 written demand to Defendant by email to orson-mech@sbcglobal.net (and copy to his counsel,
11 Roger Mason at mason@smwb.com) and by regular mail for payment in full of the amounts found
12 due in the audit, including a full copy of the audit report and any findings, including contributions,
13 liquidated damages, interest and audit fees owed.
14          (b)     Defendant will be provided with ten (10) days in which to review the audit,
15 and provide evidence to contest the findings.  Once the ten (10) day review period expires, in the
16 event that the audit is not contested, payment in full shall be delivered to Erica J. Russell at
17 Saltzman and Johnson Law Corporation.
18          (c)     If the audit is contested, and Defendant provides documentation in support
19 of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If
20 revisions are not made, payment will be immediately due.
21          (d)     If revisions are made to said audit as a result of the dispute, payment in full
22 of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised
23 billing.
24          (e)     If Defendant is unable to make payment in full, Defendant may submit a
25 written request to revise this Judgment, modifying the payment plan (by monthly amount and/or
26 payment term), to add the amounts found due in the audit to this Judgment, subject to the terms
27 herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or
28 Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

1  Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a
2  default of the terms herein.
3        (f)    Failure by Defendant to submit either payment in full or a request to add the
4  amounts due to this Judgment within ten (10) days of the date due per the terms written above
5  shall constitute a default of the obligations under this agreement.  All amounts found due on audit
6  shall immediately become part of this Judgment.
7       10.    In the event that Defendant fails to make any payment required under ¶ 3 above,
8  fails to comply with the audit of its records as required under ¶ 9 above , or otherwise defaults on
9  any of its obligations as detailed in this Stipulation, and such default is not timely cured, the
10 following will occur:
11       (a)    The entire balance of **$68,658.73**, as specified in ¶ 2, plus interest, but
12 reduced by payments received from Defendant, in addition to any unpaid contributions then due
13 (including, but not limited to the audit findings, if any) plus 20% liquidated damages and 10% per
14 annum interest on the unpaid or late-paid contributions, shall be immediately due and payable,
15 together with any attorneys' fees and costs incurred during the term of this Stipulation;
16       (b)    A Writ of Execution may be obtained against Defendant and Guarantor
17 without further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any
18 additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely
19 upon declaration by a duly authorized representative of Plaintiffs setting forth any payment
20 theretofore made by or on behalf of Defendant and the balance due and owing as of the date of
21 default;
22       (c)    Defendant and Guarantor waive any notice of Entry of Judgment or of any
23 Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution
24 and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the
25 balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ
26 of Execution, without notice to Defendant and Guarantor; and
27
28

(d) Defendant shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation.

11. Any failure on the part of Plaintiffs to take any action against Defendant and Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendant of any provisions herein.

12. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise.

13. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14. This Stipulation is limited to the agreement between the parties with respect to the late paid contributions and related sums enumerated herein, owed by Defendant to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

15. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17. Defendant and Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represents that they enter into this Stipulation voluntarily and without duress.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: November 13, 2013             **ORSON MECHANICAL CO., INC.**

                                     By: _____/S/_____
                                     Orson Poon
                                     President/CEO/RMO

Dated: November 13, 2013             **ORSON POON**

                                     By: _____/S/_____
                                     Orson Poon, individually, as Guarantor

Dated: November 13, 2013             **SALTZMAN AND JOHNSON LAW CORPORATION**

                                     By: _____/S/_____
                                     Erica J. Russell
                                     Attorneys for Plaintiffs

**APPROVED AS TO FORM:**
Dated: November 13, 2013             **SWEENEY, MASON, WILSON & BOSOMWORTH**

                                     By: _____/S/_____
                                     Roger M. Mason
                                     Attorneys for Defendant/Guarantor

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, including, but not limited to, the Motion for Default Judgment set for November 14, 2013, and that the Court shall retain jurisdiction over this matter.

Dated: _____November 13_, 2013       _____
                                     UNITED STATES DISTRICT COURT

-9-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-6371 EMC

P:\CLIENTS\SHECL\Orson Mechanical Co\Pleadings\Judgment Pursuant to Stipulation (Revised 11-12-13).doc

## EXHIBIT A

## JUDGMENT PURSUANT TO STIPULATION

**DEFENDANT ORSON MECHANICAL CO., INC.** is indebted to Plaintiffs as follows**:**

| | | | |
|---|---|---|---|
| June 2009 | Late-paid contributions ($24,292.40) | $0.00 | |
| | 10% Liquidated Damages | $2,429.24 | |
| | Credit (check #5615) | (-$1,734.63) | |
| | | | $694.61 |
| July 2009 | Late-paid contributions ($24,802.78) | $0.00 | |
| | 10% Liquidated Damages | $2,480.28 | |
| | | | $2,480.28 |
| August 2009 | Late-paid contributions ($24,547.49) | $0.00 | |
| | 10% Liquidated Damages | $2,454.75 | |
| | | | $2,454.75 |
| September 2009 | Late-paid contributions ($21,158.86) | $0.00 | |
| | 10% Liquidated Damages | $2,115.89 | |
| | | | $2,115.89 |
| October 2009 | Late-paid contributions ($17,980.86) | $0.00 | |
| | 10% Liquidated Damages | $1,798.09 | |
| | | | $1,798.09 |
| November 2009 | Late-paid contributions ($6,374.48) | $0.00 | |
| | 10% Interest (12/21/09-3/3/10) | $125.77 | |
| | 5% Liquidated Damages | $318.72 | |
| | | | $444.49 |
| December 2009 | Late-paid contributions ($4,869.48) | $0.00 | |
| | 10% Interest (1/21/10-3/3/10) | $56.05 | |
| | 5% Liquidated Damages | $243.47 | |
| | | | $299.52 |
| January 2010 | Late-paid contributions ($8,495.34) | $0.00 | |
| | 10% Interest (2/21/10-3/26/10) | $79.18 | |
| | 5% Liquidated Damages | $424.77 | |
| | | | $503.95 |
| February 2010 | Late-paid contributions ($6,913.92) | $0.00 | |
| | 10% Interest (3/21/10-5/18/10) | $111.73 | |
| | 5% Liquidated Damages | $345.69 | |
| | | | $457.42 |
| March 2010 | Late-paid contributions ($7,881.17) | $0.00 | |
| | 10% Interest (4/21/10-5/18/10) | $60.46 | |
| | 5% Liquidated Damages | $394.05 | |
| | | | $454.51 |
| April 2010 | Late-paid contributions ($7,071.20) | $0.00 | |
| | 10% Interest (5/21/10-6/2/10) | $25.17 | |
| | 5% Liquidated Damages | $353.56 | |
| | | | $378.73 |
| May 2010 | Late-paid contributions ($6,843.46) | $0.00 | |
| | 10% Interest (6/21/10-7/23/10) | $60.02 | |

P:\CLIENTS\SHECL\Orson Mechanical Co\Pleadings\Judgment Pursuant to Stipulation (Revised 11-12-13).doc

|  |  |  |  |
|---|---|---|---|
|  | 5% Liquidated Damages | $342.17 |  |
|  |  |  | $402.19 |
| June 2010 | Late-paid contributions ($8,456.58) | $0.00 |  |
|  | 10% Interest (7/21/10-7/23/10) | $4.63 |  |
|  | 5% Liquidated Damages | $422.82 |  |
|  |  |  | $427.45 |
| July 2010 | Late-paid contributions ($12,394.72) | $0.00 |  |
|  | 10% Interest (8/21/10-10/18/10) | $200.30 |  |
|  | 5% Liquidated Damages | $619.73 |  |
|  |  |  | $820.03 |
| August 2010 | Late-paid contributions ($13,350.48) | $0.00 |  |
|  | 10% Interest (9/21/10-10/18/10) | $102.40 |  |
|  | 5% Liquidated Damages | $667.52 |  |
|  |  |  | $769.92 |
| September 2010 | Late-paid contributions ($10,750.08) | $0.00 |  |
|  | 10% Interest (10/21/10-12/30/10) | $209.09 |  |
|  | 5% Liquidated Damages | $537.50 |  |
|  |  |  | $746.59 |
| October 2010 | Late-paid contributions (paid $10,525.12) | $0.00 |  |
|  | 10% Interest (11/21/10-12/30/10) | $115.36 |  |
|  | 5% Liquidated Damages | $526.25 |  |
|  |  |  | $641.61 |
| November 2010 | Late-paid contributions ($9,094.40) | $0.00 |  |
|  | 10% Interest (12/21/10-2/17/11) | $146.97 |  |
|  | 5% Liquidated Damages | $454.72 |  |
|  |  |  | $601.69 |
| December 2010 | Late-paid contributions ($10,895.80) | $0.00 |  |
|  | 10% Interest (1/21/11-2/17/11) | $83.58 |  |
|  | 5% Liquidated Damages | $544.79 |  |
|  |  |  | $628.37 |
| January 2011 | Late-paid contributions ($7,976.80) | $0.00 |  |
|  | 10% Interest (2/21/11-3/3/11) | $19.70 |  |
|  | 5% Liquidated Damages | $398.84 |  |
|  |  |  | $418.54 |
| February 2011 | Late-paid contributions ($9,130.35) | $0.00 |  |
|  | 10% Interest (3/21/11-4/15/11) | $62.54 |  |
|  | 5% Liquidated Damages | $456.51 |  |
|  |  |  | $519.05 |
| March 2011 | Late-paid contributions ($7,354.38) | $0.00 |  |
|  | 10% Interest (4/21/11-6/16/11) | $114.88 |  |
|  | 5% Liquidated Damages | $367.71 |  |
|  |  |  | $482.59 |
| April 2011 | Late-paid contributions ($7,035.12) | $0.00 |  |
|  | 10% Interest (5/21/11-6/16/11) | $52.06 |  |
|  | 20% Liquidated Damages | $1,407.02 |  |
|  |  |  | $1,459.08 |
| May 2011 | Late-paid contributions ($6,877.04) | $0.00 |  |

| | | | |
|---|---|---:|---:|
| | 10% Interest (6/21/11-9/22/11) | $177.08 | |
| | 20% Liquidated Damages | $1,375.40 | |
| | | | $1,552.48 |
| June 2011 | Late-paid contributions ($7,885.00) | $0.00 | |
| | 10% Interest (7/21/11-9/22/11) | $138.22 | |
| | 20% Liquidated Damages | $1,577.00 | |
| | | | $1,715.22 |
| July 2011 | Late-paid contributions ($9,136.00) | $0.00 | |
| | 10% Interest (8/21/11-9/22/11) | $77.56 | |
| | 20% Liquidated Damages | $1,827.20 | |
| | | | $1,904.76 |
| August 2011 | Late-paid contributions ($7,435.37) | $0.00 | |
| | 10% Interest (9/21/11-10/25/11) | $71.31 | |
| | 20% Liquidated Damages | $1,487.07 | |
| | | | $1,558.38 |
| September 2011 | Late-paid contributions ($10,417.92) | $0.00 | |
| | 10% Interest (10/21/11-10/25/11) | $14.27 | |
| | 20% Liquidated Damages | $2,083.58 | |
| | | | $2,097.85 |
| October 2011 | Late-paid contributions ($6,504.66) | $0.00 | |
| | 10% Interest (11/21/11-1/12/12) | $92.69 | |
| | 20% Liquidated Damages | $1,300.93 | |
| | | | $1,393.62 |
| November 2011 | Late-paid contributions ($6,348.50) | $0.00 | |
| | 10% Interest (12/21/11-1/12/12) | $40.00 | |
| | 20% Liquidated Damages | $1,269.70 | |
| | | | $1,309.70 |
| December 2011 | Late-paid contributions ($6,752.76) | $0.00 | |
| | 10% Interest (1/21/12-3/5/12) | $83.26 | |
| | 20% Liquidated Damages | $1,350.55 | |
| | | | $1,433.81 |
| January 2012 | Late-paid contributions ($6,786.36) | $0.00 | |
| | 10% Interest (2/21/12-3/5/12) | $26.06 | |
| | 20% Liquidated Damages | $1,357.27 | |
| | | | $1,383.33 |
| February 2012 | Late-paid contributions ($6,495.79) | $0.00 | |
| | 10% Interest (3/21/12-4/20/12) | $55.15 | |
| | 20% Liquidated Damages | $1,299.15 | |
| | | | $1,354.30 |
| April 2012 | Late-paid contributions ($6,911.34) | $0.00 | |
| | 10% Interest (5/21/12-7/18/12) | $109.82 | |
| | 20% Liquidated Damages | $1,382.26 | |
| | | | $1,492.08 |
| May 2012 | Late-paid contributions ($6,917.57) | $0.00 | |
| | 10% Interest (6/21/12-7/18/12) | $53.06 | |
| | 20% Liquidated Damages | $1,383.51 | |
| | | | $1,436.57 |
| June 2012 | Late-paid contributions ($4,398.90) | $0.00 | |
| | 10% Interest (7/21/12-9/19/12) | $73.51 | |
| | 20% Liquidated Damages | $879.78 | |
| | | | $953.29 |
| July 2012 | Late-paid contributions ($4,746.70) | $0.00 | |

| | | | |
|---|---|---:|---:|
| | 10% Interest (8/21/12-9/19/12) | $39.02 | |
| | 20% Liquidated Damages | $949.34 | |
| | | | $988.36 |
| August 2012 | Late-paid contributions ($4,373.60) | $0.00 | |
| | 10% Interest (9/21/12-12/12/12) | $99.46 | |
| | 20% Liquidated Damages | $874.72 | |
| | | | $974.18 |
| September 2012 | Late-paid contributions ($3,936.24) | $0.00 | |
| | 10% Interest (10/21/12-12/12/12) | $54.99 | |
| | 20% Liquidated Damages | $787.24 | |
| | | | $842.23 |
| October 2012 | Late-paid contributions ($2,511.04) | $0.00 | |
| | 10% Interest (11/21/12-2/27/13) | $68.10 | |
| | 20% Liquidated Damages | $502.20 | |
| | | | $570.30 |
| November 2012 | Late-paid contributions ($3,712.80) | $0.00 | |
| | 10% Interest (12/21/12-2/27/13) | $70.17 | |
| | 20% Liquidated Damages | $742.56 | |
| | | | $812.73 |
| December 2012 | Late-paid contributions ($1,860.18) | $0.00 | |
| | 10% Interest (1/21/13-2/27/13) | $19.36 | |
| | 20% Liquidated Damages | $372.03 | |
| | | | $391.39 |
| January 2013 | Late-paid contributions ($2,111.76) | $0.00 | |
| | 10% Interest (2/21/13-3/16/13) | $13.90 | |
| | 20% Liquidated Damages | $422.35 | |
| | | | $436.25 |
| | | **SUBTOTAL:** | **$44,600.18** |
| Attorneys' Fees incurred by Plaintiffs' prior counsel (through 3/13/13) | | | $6,846.13 |
| Costs incurred by Plaintiffs' prior counsel (Complaint filing fee) | | | $350.00 |
| Attorneys' Fees (3/14/13-11/8/13) | | | $16,830.00 |
| Costs (through 11/8/13) | | | $32.42 |
| | | **TOTAL DUE:** | **$68,658.73** |

### EXHIBIT B

### JUDGMENT PURSUANT TO STIPULATION

*JOB REPORT FORM*

\*\*\* Updated report must be faxed to Erica J. Russell, Esq., at (415) 882-9287 on the <u>20th</u> day of each month \*\*\*

**Employer Name: <u>ORSON MECHANICAL CO., INC.</u>**

**Report for the month of** _____ **Submitted by:** _____

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

*\*\*\* Attach additional sheets as necessary \*\*\**

-14-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-6371 EMC**

P:\CLIENTS\SHECL\Orson Mechanical Co\Pleadings\Judgment Pursuant to Stipulation (Revised 11-12-13).doc