Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ORSON MECHANICAL CO., etc., <br><br> Defendant. | Case No.: C12-6371 EMC <br><br> **AMENDED JUDGMENT PURSUANT TO STIPULATION** |

  IT IS HEREBY STIPULATED and AGREED by and between the parties hereto, that this Amended Judgment shall be entered in the within action in favor of Plaintiffs Boards of Trustees of the Sheet Metal Workers, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Orson Mechanical, Co., etc. ("Defendant"), and/or alter egos and/or successor entities, as follows:

  1. Defendant ORSON MECHANICAL CO., Inc. entered into a Collective Bargaining Agreement between Sheet Metal Workers' International Association Local Union No. 104 and Bay Area Association of SMACNA Chapters. The agreement is still in full force and effect.

  2. Orson Poon ("Guarantor"), as President/CEO/RMO of Defendant, confirms that he is authorized to enter into this Amended Judgment on behalf of Defendant and confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Amended Judgment. Guarantor further confirms that all successors in interest, assignees, and affiliated entities

(including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Amended Judgment as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. Defendant/Guarantor and all such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any assignment, affiliation or purchase, as well as to all other terms herein.

3. Defendant is indebted to the Trust Funds as follows:

| | |
|---|---|
| Balance of Attorneys' Fees from Original Judgment (through 10/21/14) | $4,949.70 |
| Liquidated Damages on Late-Paid Contributions (06/09-12/11) | $30,640.89 |
| Additional Attorneys' Fees and Costs (10/22/14-1/8/15) | $1,578.50 |
| Principal Contributions Due Per Audit (10/1/08-12/31/13) | $20,455.02 |
| 10% Interest Due Per Audit (through 11/17/14) | $7,798.43 |
| 20% Liquidated Damages Due Per Audit | $4,091.00 |
| **TOTAL DUE:** | **$69,513.54** |

4. Defendant/Guarantor shall conditionally pay the amount of **$34,781.65**, representing all of the above amounts, less conditionally waived liquidated damages in the amount of $34,731.89. *This waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Amended Judgment,* as follows as follows:

(a) Beginning on **January 20, 2015**, and on or before the 20th day of each month thereafter for a period of twenty-four (24) months, through and including December 20, 2016, Defendant/Guarantor shall pay to Plaintiffs the amount of **$1,605.00** per month;

(b) Payments may be made by joint check, to be endorsed by Defendant prior to submission. Payments made by joint check may be applied toward Defendant's monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Amended Judgment provided the payment is for contributions included in this Amended Judgment;

(c) Defendant/Guarantor shall have the right to increase the monthly payments

at any time and there is no penalty for prepayment;

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from the date that this Amended Judgment is entered, at the rate of 10% per annum from November 18, 2014, in accordance with the Bargaining Agreements and Plaintiffs' Trust Agreements;

(e) Checks shall be made payable to the *Sheet Metal Workers of Northern California Trust Funds*, and delivered on or before each due date to Shivani Nanda, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

(f) At the time that Defendant/Guarantor makes its twenty-fourth (24th) stipulated payment, Defendant/Guarantor may submit a written request for waiver of their liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their twenty-fourth (24th) payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current.

(g) Prior to the last payment pursuant to this Amended Judgment, Plaintiffs shall advise Defendant/Guarantor in writing, through their attorney, by regular mail and email to rmason@smwb.com, as to the final amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Amended Judgment. Defendant/Guarantor shall pay all additional interest, attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due on December 20, 2016; and

(h) Failure to comply with any of the above terms shall constitute a default of the obligations under this Amended Judgment and the provisions of ¶ 11 shall apply.

5. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant/Guarantor is responsible, Defendant shall be considered to be in default of the Amended Judgment entered. If this occurs, Plaintiffs

shall make a written demand to Defendant/Guarantor, directly and through their attorney, by regular mail and email to orson-mech@sbcglobal.net and to rmason@smwb.com , to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

6. Beginning with contributions due for hours worked by Defendant's employees during the month of December 2014, and for every month thereafter until this Amended Judgment is satisfied, **Defendant shall remain current in reporting and payment of contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining Agreement and Trust Agreements provide that all benefit contributions are due on or before the tenth (10th) day of the month following the month in which hours were worked and are delinquent if not received by the twentieth (20th) day of that month.

Until this Amended Judgment is satisfied, Defendant shall **submit originals of all monthly contribution reports and payments to Saltzman and Johnson Law Corporation.** The contribution reports and payments shall be delivered to Shivani Nanda, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, by the twentieth (20th) day of each month. Defendant shall send copies of its contribution reports and payments to the Trust Funds. Failure to comply with these terms shall constitute a default of the obligations under this Amended Judgment and the provisions of ¶ 11 shall apply.

7. Beginning with the month of December 2014, and for every month thereafter, **Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs,

Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendant's updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to <u>Shivani Nanda, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs, by the 20th day of each month.

This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has no work to report during a given month, Defendant shall submit the job report form (Exhibit A) indicating that there are no current jobs. **Defendant's first job report (regarding January 2015 jobs) is due on or before January 20, 2015.**

Failure by Defendant to timely submit fully completed monthly job reports and Certified Payroll Reports (if applicable) as described above shall constitute a default of the obligations under this Amended Judgment and the terms of ¶ 11 shall apply.

8. **Audit:** Should the Trust Funds request a further audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreements, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

(a) In the event that amounts are found due on audit, Plaintiffs shall send a written demand to Defendant by regular mail and email, through their attorney, to rmason@smwb.com, for payment in full of the amounts found due in the audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

(b) Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings. In the event that Defendant does not agree with the

total found due, Plaintiffs shall provide any additional information or clarification requested by Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendant's time to respond to the audit report or comply with payment requirements shall then run from the time that Defendant receives Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Shivani Nanda at the address provided above.

(c) If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised billing.

(e) If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Amended Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Amended Judgment, subject to the terms herein. If the Amended is so revised, Defendant shall execute the Second Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Second Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Amended Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Amended Judgment.

9. Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Amended Judgment and the provisions of ¶ 11 shall apply.

10. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions shall be added to and become a part of this

Amended Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

11. In the event that Defendant/Guarantor fail to make any payment required herein, or otherwise default on any of their obligations as detailed in this Amended Judgment, and such default is not timely cured, the following will occur:

(a) The entire balance of **$69,513.54**, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Amended Judgment;

(b) A Writ of Execution may be obtained against Defendant/Guarantor without further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default;

(c) Defendant/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor; and

(d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by

Defendant/Guarantor to Plaintiffs under this Amended Judgment, whether or not a default occurs herein.

12. Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Amended Judgment shall not be deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

13. The parties agree that any payments made pursuant to the terms of this Amended Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

14. Should any provision of this Amended Judgment be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Amended Judgment.

15. This Amended Judgment is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs. This Amended Judgment does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

16. This Amended Judgment contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Amended Judgment shall be effective only if made in writing and signed by all parties hereto.

17. This Amended Judgment may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same

instrument.

18. Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Amended Judgment under the terms and conditions set forth herein, that they have read this Amended Judgment with care and are fully aware of and represent that they enter into this Amended Judgment voluntarily and without duress.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Amended Judgment is satisfied.

Dated: January 20, 2015          **ORSON MECHANICAL CO., INC.**

                                 By: _____/S/_____
                                     Orson Poon
                                     President/CEO/RMO

Dated: January 20, 2015          **ORSON POON**

                                 By: _____/S/_____
                                     Orson Poon, individually, as Guarantor

Dated: January 20, 2015          **SALTZMAN AND JOHNSON LAW CORPORATION**

                                 By: _____/S/_____
                                     Shivani Nanda
                                     Attorneys for Plaintiffs

**APPROVED AS TO FORM:**
Dated: January 20, 2015          **SWEENEY, MASON, WILSON & BOSOMWORTH**

                                 By: _____/S/_____
                                     Roger M. Mason
                                     Attorneys for Defendant/Guarantor

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated. The Court shall retain jurisdiction over this matter.

Dated: ____2/3/15____, ~~2014~~          _____
                                         UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED — Judge Edward M. Chen (United States District Court, Northern District of California seal)*

-9-
AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-6371 EMC

| EXHIBIT A |
|---|
| **JOB REPORT FORM** |

**Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation
by the 20th day of each month**
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104

**Employer Name: ORSON MECHANICAL CO., INC.**

Report for the month of _____, 20__ Submitted by: _____

| | |   | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | |   | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** *Attach additional sheets as necessary* ***

-1-
Exhibit A to AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-6371 EMC

P:\CLIENTS\SHECL\Orson Mechanical Co\Pleadings\Amended Stipulation (revised 011214).docx

instrument.

18. Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Amended Judgment under the terms and conditions set forth herein, that they have read this Amended Judgment with care and are fully aware of and represent that they enter into this Amended Judgment voluntarily and without duress.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Amended Judgment is satisfied.

Dated: January 20, 2015

ORSON MECHANICAL CO., INC.

By: _____
Orson Poon
President/CEO/RMO

Dated: January 20, 2015

**ORSON POON**

By: _____
Orson Poon, individually, as Guarantor

Dated: January __, 2015

**SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____
Shivani Nanda
Attorneys for Plaintiffs

**APPROVED AS TO FORM:**
Dated: January __, 2015

**SWEENEY, MASON, WILSON & BOSOMWORTH**

By: _____
Roger M. Mason
Attorneys for Defendant/Guarantor

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2014

_____
UNITED STATES DISTRICT COURT JUDGE

instrument.

18. Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Amended Judgment under the terms and conditions set forth herein, that they have read this Amended Judgment with care and are fully aware of and represent that they enter into this Amended Judgment voluntarily and without duress.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Amended Judgment is satisfied.

Dated: January __, 2015          **ORSON MECHANICAL CO., INC.**

By: _____
    Orson Poon
    President/CEO/RMO

Dated: January __, 2015          **ORSON POON**

By: _____
    Orson Poon, individually, as Guarantor

Dated: January __, 2015          **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____
    Shivani Nanda
    Attorneys for Plaintiffs

**APPROVED AS TO FORM:**
Dated: January 28, 2015          SWEENEY, MASON, WILSON & BOSOMWORTH

By: _____
    Roger M. Mason
    Attorneys for Defendant/Guarantor

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2014

_____
UNITED STATES DISTRICT COURT JUDGE

-9-
AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-6371 EMC